In the United States Court of Appeals
For the Fourth Circuit

United States of America,
    Appellee

v.                                     Case no. 23-4192

Lakendra Whitehead,
    Appellant

Appellant's Memorandum Opening Brief

Ms. Whitehead appeals the District Court's imposition of several conditions of release because those conditions are not reasonably necessary to assure her appearance in court nor are they reasonably necessary to protect the safety of the community. The conditions are not the least restrictive necessary to accomplish those goals and are not based on evidence in the record. Instead, the Court imposed them largely based on a misunderstanding of the Bail Reform Act and its own practice of imposing those conditions in every case, without making case-specific findings. Under any standard of review, the district court's misapplication of the law should not be afforded any deference, and this Court should either vacate the conditions appealed or remand the case for the district court to impose conditions consistent with the Bail Reform Act.

## Question Presented

Did the court err by imposing several conditions of release without providing reasons (or relying on evidence) for why those conditions were necessary to assure

Ms. Whitehead's appearance or protect the safety of the community and by incorrectly assuming those conditions of release were "standard"?

## Standard of Review

This Court has routinely held that it should review orders of release and detention for clear error. *See United States v. Singh*, 860 Fed.Appx.283 (4th Cir. 2021) (unpublished opinion) (citing *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en benc). However, *Clark* merely cited to this court's precedent in *United States v. Williams*, 753 F.2d 329 (4th Cir. 1985). But *Williams* assumed that the new Bail Reform Act (the act currently in place) maintained the prior Act's standard of review—even though Congress omitted the standard of review from the 1984 law. *See id.* at 333.

However, this Court need not quarrel with the Circuit's reliance on misplaced *dicta*, as the Ms. Whitehead argues that the District Court applied the wrong legal standard in setting her conditions of release. As such, no deference should be given to the District Court. *See Consolidated Coal Co. v. Local 1643*, 48 F.3d 125, 128 (4th Cir. 1995) ("the clearly erroneous rule does not protect findings made on the basis of the application of incorrect legal standards").

## Statement of Jurisdiction

Ms. Whitehead appeals the district court's conditions of release pursuant to 18 U.S.C § 3145(c) and 28 U.S.C. § 1291.

## Statement of the Case and Relevant Facts

Ms. Whitehead is a thirty-three-year-old woman who has lived in the Danville area her entire life. Sealed App'x. at 2. Apart from the current indictment, to which she plead not guilty, she has never before been charged with a crime. Sealed App'x at 4. She attends dialysis appointments regularly and is otherwise currently disabled due to her medical condition. Sealed App'x at 3. She depends on public benefits to pay for her housing, food, and medical care, and she is hoping to receive a kidney transplant in the next year. App'x at 17. She lives a quiet life, residing in a small town with her mother and her mother's boyfriend, while receiving healthcare for a debilitating medical condition.

The government charged Ms. Whitehead with four counts of the non-violent crime of engaging in straw purchases of firearms. Each of the four counts is nearly five years old, and Ms. Whitehead is not alleged to have committed any crimes between the incidents alleged in the indictment and her initial appearance (nor has any evidence been presented that she has since committed any crimes).

The circumstances of how Ms. Whitehead came to be arrested were not presented at her hearing or made a part of the record. Indeed, the government declined to present any evidence in support of any conditions of release. Instead, after Ms. Whitehead was arrested, Pretrial Services interviewed her without counsel for Ms. Whitehead present. Based solely on her answers to pretrial services, the Court imposed several significant restrictions on her liberty.

Ms. Whitehead told pretrial services that she was diagnosed with depression and bipolar disorder in 2020, and after trying a prescribed medication, has otherwise not sought or apparently needed treatment. Though nothing in her indictment alleges that Ms. Whitehead used substances, her pretrial services officer inquired if Ms. Whitehead used any drugs. Ms. Whitehead truthfully responded that she uses marijuana daily to help with her appetite. Ms. Whitehead was not provided counsel during that interview, and counsel was not appointed in time to request that the interview occur in counsel's presence. Had counsel been available, counsel would have instructed Ms. Whitehead not to answer such questions given the lack of support for them found in Ms. Whitehead's charges, the circumstances of her arrest, or her (lack of a) criminal record. Counsel would have preferred that the court comply with the District's CJA plan and appoint counsel before the interview. Such circumstances are, in counsel's experience, few and far between, though.

## Argument

In setting bail conditions, the court must impose two standard conditions and the "least restrictive further condition [ ]or combination of conditions" that the "judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The only conditions the court is required to impose are that the person "not commit a Federal, State, or local crime during the period of release . . ." and submit to DNA testing if otherwise required. *See* 18 U.S.C. § 3142(b). Before

imposing any other condition of release, the Bail Reform Act requires the court first to find that release on the standard conditions insufficient to assure the safety of the community or the appearance of the defendant. *See id.* The Bail Reform Act presumes release on personal recognizance and only authorizes the court to impose conditions of release when based on a specific finding that they are required. *See id.*

In this case, the following conditions are unsupported by evidence or reasonable inferences from evidence contained in the record, and should be ordered stricken:

- The condition that Ms. Whitehead surrender any passport;
- The condition that Ms. Whitehead not travel outside of the district without first receiving permission;
- The condition that she avoid all contact with any person who is or may be a victim or witness in the case;
- The condition that she not use alcohol;
- The condition that she not use or unlawfully possess a narcotic drug or other controlled substance;
- The condition that she submit to drug testing if required by the pretrial services officer;
- The condition that she participate in a program of inpatient or outpatient substance abuse counseling;

- The condition that she report every contact with law enforcement to her supervising officer;

- The condition that she submit to a warrantless search of her person and property;

- The condition that she not "frequent places where controlled substances are illegally sold, used, distributed, or administered, and shall not associate with any persons engaged in criminal activity or associate with any person convicted of a felony unless under the supervision of law enforcement";

- The condition that she "no[t use] marijuana," condition (aa);

- And the condition that Ms. Whitehead be evaluated for mental health treatment, follow up with any treatment recommendations, and sign a release allowing her supervising officer contact any providers to ensure compliance with her treatment recommendations.

Each condition of release should be supported by reasons for why those conditions are reasonably necessary to assure appearance or safety. *See United States v. Spilotro*, 785 F.2d 808, 816 (8th Cir. 1986). Standard conditions uniformly imposed by the court, when not specifically related to an individual's circumstances, are unreasonable. *See id.* In *Spilotro*, the Eighth Circuit rejected a lower court's imposition of a condition restricting the defendant's release when such conditions were "uniformly imposed" in the district and without "reasons why the . . . condition was

necessary to reasonably assure appellant's appearance as required." Indeed, the condition rejected by the Court of Appeals in *Spilotro*—a restriction on the appellant's ability to associate—was also imposed by the district court without any reference to any facts that would support imposing that restriction.

In this case, there is little evidence from which the court could find support for many of the conditions, and no evidence for others. Many of the conditions imposed by the court were referred to as "standard condition[s]" by the Court, even though the Bail Reform Act does not include those as standard conditions. As set forth in the statute, the only standard conditions are the collection of DNA and the requirement not to commit a crime. *See* 18 U.S.C § 3142(b). Thus, when the court did not rely on evidence presented at the hearing or in the pretrial services report to impose a condition, the court erred as a matter of law by assuming the conditions were "standard."

*The restrictions on Ms. Whitehead's travel are not reasonably necessary to assure her appearance in court or the safety of the community.*

The record does not contain any support for the court's imposition of travel restrictions on Ms. Whitehead, nor did the court articulate any reasoning in support of its order. The government relied on the condition being thought of as "standard" in the district, App'x at 13, as did the court, App'x at 17, even though the Bail Reform Act does not include travel restrictions within the standard conditions. Moreover, nothing in the evidence before the court justified imposing travel restrictions. As

such, the conditions are unreasonable and should be stricken. *See also United States v. Cramer*, 451 F.2d 1198, 1200 (5th Cir. 1971) (decided under prior law, but finding travel restrictions, "however laudable," not for the "sole purpose of reasonably assuring the presence of the defendant at trial"—the sole purpose of bail under the Bail Reform Act of 1966).

Because there is no evidence that Ms. Whitehead has a passport (and, in fact, the only evidence is that she does not have one), the court's requirement that she surrender her passport is not reasonably necessary to assure her appearance in court. Ms. Whitehead has never traveled overseas and is a lifelong resident of southwest Virginia. There is no reason the court should require that she surrender any passports, particularly without any evidence that such passports exist. The only reason to impose the condition would be the court's incorrect belief that the condition is "standard."

*Restrictions imposed on Ms. Whitehead's ability to associate are not supported by the record or reasonably necessary to assure her appearance or the safety of the community.*

Though not addressed at Ms. Whitehead's initial appearance, the court ordered that she not "frequent places where controlled substances are illegally sold, used, distributed, or administered" and not "associate with any persons engaged in criminal activity or associate with any person convicted of a felony unless under the supervision of law enforcement." However, no evidence suggests that this condition is necessary, and the court's imposition of it without any basis in the record—or any opportunity for Ms. Whitehead to object to it—is clear error. Though conditions like

this may be warranted for people convicted of a crime who are on probation or supervised release, Ms. Whitehead is presumed innocent of her charges and has no other arrests or convictions of which to speak. There is no reason to restrict her ability to associate, and though she may still know some of the people who are allegedly involved in her years-old criminal allegations, there is no reason to suspect that any communication she has with them would endanger the safety of the community or risk her nonappearance in court.

*Conditions that Ms. Whitehead not use substances and submit to substance abuse testing are not reasonably related to assuring her appearance in Court or the safety of the community.*

Unlike most of the other conditions imposed by the court, this condition does have support in the record. Ms. Whitehead reported daily use of marijuana, and the court specifically relied on her statements to impose this condition. However, the court did not justify, nor is there any justification in the record, as to why this condition is reasonably necessary to assure her appearance or protect the safety of the community. Instead, the court imposed the condition so as not to "condone" Ms. Whitehead's use of marijuana. But the court does not condone her use of marijuana by not ordering a condition that she be regularly drug tested—the court is simply not ordering that she furnish evidence of any continued use against her. The court could just as easily require warrantless drug testing of its employees on the grounds that failing to do so would otherwise condone illegal drug use.

Of course, Ms. Whitehead did truthfully admit to using marijuana, but that drug is legal to use in the commonwealth of Virginia and was completely unrelated to her accused criminal behavior. Would the court likewise impose a restriction on a defendant who admitted to drinking a glass of wine each night? To be sure, marijuana is proscribed federally and alcohol is not. But neither regular use of marijuana nor regular use of alcohol, without more, poses an unreasonable risk of flight or a danger to the safety of the community. Indeed, because Ms. Whitehead volunteered that she used marijuana medically (even if not in a manner authorized by Congress), there is less a reason to expect that she is *abusing* the substance. Regular use of a substance in a manner that does not harm the community or herself is not a concern to the court simply because she has been charged with a crime and is awaiting trial.

Finally, the court's condition on drug testing left such completely at the discretion of her pretrial officer without providing any guidance. Though counsel cannot point to any evidence in this record, the Western District of Virginia has a new standard practice that requires pretrial defendants to submit to drug testing before guilty pleas and sentencing hearings. Such a requirement is not tailored to assuring the defendant's appearance or to protecting the safety of the community, and without a basis, would otherwise constitute an unreasonable search. The absolute discretion given to pretrial services officers is constitutionally problematic and not limited to the purposes of bail—thus, it is unreasonable.

*The requirement that Ms. Whitehead inform her supervising officer of law enforcement contact is not reasonably necessary to assure her appearance or to protect the safety of the community.*

The condition that Ms. Whitehead report any law enforcement contact is not a standard condition or even a condition suggested by the Bail Reform Act. Nonetheless, it is imposed as a matter of course in the Western District of Virginia. The government's arguments failed to connect this condition to either purpose of bail (App'x at 14), and the court imposed it and only stated that doing so did not implicate her Fifth Amendment rights.

While simply reporting contact with law enforcement may not ordinarily implicate one's Fifth Amendment rights, doing so easily could. *See generally Ohio v. Reiner*, 532 U.S. 17 (2001) (holding that the Fifth Amendment "applies where a witness's answers could 'reasonably furnish a link in the chain of evidence' against [the person]") (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Were Ms. Whitehead to report, as required, contact with law enforcement, she could not otherwise claim that law enforcement misidentified her should she later be prosecuted and have that contact used as evidence in a case. Imagine Ms. Whitehead told her supervising officer that she was incidentally stopped by police while walking down the street, but that contact was later used to help prove that she was in a location where she could have committed a crime. She was compelled by the court to report that contact, and the contact furnished a link in the chain of evidence used against her.

Aside from hypothesizing how reporting any contact with law enforcement could affect her other rights, the simple fact is that no evidence suggest it necessary to assure her appearance or to protect the safety of the community. As such, the condition is unreasonable when imposed as a condition of her pretrial liberty.

*The requirement that Ms. Whitehead submit to warrantless searches is not reasonably necessary to assure her appearance or protect the safety of the community.*

As an initial matter, the court's order that Ms. Whitehead submit to a warrantless search violates the Fourth Amendment's right to be free from unreasonable searches. No exception to the warrant requirement justifies the court searching Ms. Whitehead's person, residence, or possessions, simply because she is being charged with a crime. She is still presumed innocent of the charges she faces and still retains all of her rights under the Fourth Amendment.

The Ninth Circuit addressed whether pretrial supervisees can be subject to such warrantless searches in *United States v. Scott*, 450 F.3d 863, 868 (9th Cir. 2006). That case involved a motion to suppress a warrantless search that local officers conducted pursuant to a court's requirement that the defendant submit to warrantless searches as a condition of his pretrial release. *See id.* at 868 (quoting *Griffin v. Wisconsin*, 438 U.S. 868, 873 (1987). The Ninth Circuit ruled that the search was unreasonable and found no support for the government's arguments that such searches were reasonable. *See id.* at 874.

In this case, even apart from potentially violating her Fourth Amendment rights, there is no support in the record that suggests a warrantless search would reasonably further protecting the safety of the community or assuring Ms. Whitehead's appearance in court. Her alleged crimes are nearly five-years old, are non-violent, and no evidence suggests has ever engaged in any other activity that endangers the community. The condition is not the "least restrictive" necessary to accomplishing the purposes of bail, and given the absence of support in the record, should be vacated.

*The requirement that Ms. Whitehead participate in substance abuse and mental health treatment not reasonably related to the purposes of bail.*

The Court also ordered that Ms. Whitehead participate in treatment and sign releases of information so that pretrial services can monitor her participation. Though the court intended for Ms. Whitehead merely to authorize pretrial services to obtain records related to her compliance, pretrial services believes that to do so requires them to obtain all relevant records related to treatment. As such, pretrial services would seem to have access to all Ms. Whitehead's medical records, including intimate details she might share with her therapist, doctor, or a social worker. Such intrusive monitoring is surely not required for a young woman without a criminal record who is charged with a years-old non-violent offense, nor was any reason given by the court except the "recency of [the] diagnosis" and the fact that Ms. Whitehead reported stopping her medication. But those events occurred between two and three years

ago—after her alleged criminal behavior, and without any apparent repercussions that would warrant judicial supervision. Such a requirement is not reasonably necessary to protecting the safety of the community nor reasonably necessary to assure Ms. Whitehead's appearance in court.

## Conclusion

The district court erred by imposing several conditions of release not reasonably necessary to assuring Ms. Whitehead's appearance at trial nor reasonably necessary to protecting the safety of the community. The Court did so largely by misapplying the Bail Reform Act and concluding that several conditions were "standard" even though the Bail Reform Act clearly indicates those conditions are not standard. This Court should vacate those conditions or remand the case back to the District Court to impose conditions based on the facts in this case rather than its misapprehension of the law.

Respectfully submitted,

/s/ Benjamin Schiffelbein
Counsel for Ms. Whitehead
Assistant Federal Public Defender
    For the Western District of Virginia
210 First Street SW, Ste 400
Roanoke, VA 24011
Benjamin_Schiffelbein@fd.org
540 777 0880

Juval O. Scott
Federal Public Defender
For the Western District of Virginia